IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHEDRICK DION GADSON, <br> Reg. No. 11127-002, <br><br> Petitioner, <br><br> v. <br><br> CHARLES L. LOCKETT, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:16-CV-258-WHA <br> ) (WO) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

The petitioner, Chedrick Dion Gadson ("Gadson"), a federal inmate, initiated this action as a petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241. *Doc. No. 1*. The petition is now pending before the court solely on Gadson's claim that the Federal Bureau of Prisons ("BOP") has improperly calculated the length of his sentence. *See Order of April 15, 2016 - Doc. No. 2*. Specifically, Gadson asserts that the BOP is denying him retroactive sentence credit on a sentence issued by this court on December 15, 2004, *see United States v. Gadson*, Case No. 2:04-CR-98-MEF-CSC-1 (M.D. Ala. 2004)*,* for the time served pursuant to a sentence imposed upon him by the United States District Court for the Northern District of Florida on November 4, 2002.

**II.  DISCUSSION**

A 28 U.S.C. § 2241 petition for writ of habeas corpus relief is the proper vehicle for a petitioner to challenge the execution of his sentence, rather than the validity of the underlying conviction or sentence. *United States v. Addonizio*, 442 U.S. 178, 185-88 (1979) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); *United States v. Allen*, 124 F.

App'x 719, 721 (3rd Cir. 2005) ("[t]he exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241"). Generally, a § 2241 petition for habeas corpus relief must be filed in the district court whose jurisdiction encompasses the petitioner's place of incarceration. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978).

Gadson is currently incarcerated at the United States Penitentiary in Coleman, Florida. This correctional facility is located within the jurisdiction of the United States District Court for the Middle District of Florida. "For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). Under the circumstances set forth herein, the court concludes that this case should be transferred to the United States District Court for the Middle District of Florida for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case with respect to the petitioner's challenge to the computation of his sentence be TRANSFERRED to the United States District Court for the Middle District of Florida for all further proceedings.

It is further

ORDERED that on or before April 4, 2016, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the

Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this the 20th day of April, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge